# In the United States Court of Federal Claims

No. 18-1059C

(E-Filed: November 13, 2020)

| | |
|---|---|
| ALLEN H. MONROE, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | RCFC 54(d)(2); Equal Access to Justice Act; Attorneys' Fees; Prevailing Party; Substantially Justified |

Scott W. MacKay, Hebron, NH, for plaintiff.

William P. Rayel, Senior Trial Counsel, with whom appeared Joseph H. Hunt, Assistant Attorney General, Robert E. Kirschman, Jr., Director, and Elizabeth M. Hosford, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant. Gregory J. Morgan, United States Air Force Legal Operations, Joint Base Andrews-Naval Air Facility, MD, of counsel.

## OPINION

CAMPBELL-SMITH, J.

Before the court is plaintiff's motion for attorneys' fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and Rule 54(d)(2) of the Rules of the United States Court of Federal Claims (RCFC). See ECF No. 32. Plaintiff filed his motion on April 8, 2020, and defendant filed its response on May 6, 2020. See ECF No. 33. Plaintiff filed a reply on May 19, 2020, see ECF No. 34, completing briefing on the motion.

For the reasons set forth below, plaintiff's motion for attorneys' fees and expenses is **GRANTED**.

I.    Background

Plaintiff filed his complaint in this court on July 19, 2018.  See ECF No. 1. Therein, plaintiff challenges the Air Force Board for Correction of Military Records' (AFBCMR) decision to deny his application for relief from a determination that plaintiff was medically unfit and involuntarily separating him from service with severance pay. See id.; ECF No. 32 at 8-9.  On October 15, 2018, defendant filed an unopposed motion for a voluntary remand of the case to the AFBCMR on the grounds that plaintiff had alleged that the AFBCMR failed to address several arguments he raised in his case before the board.  See ECF No. 7 at 2 (defendant's motion for voluntary remand).  Defendant stated that its motion was "predicated upon the interests of justice and is not predicated upon an admission of error by the United States or the [United States] Air Force."  Id. The court granted the motion and remanded this matter to the AFBCMR for 180 days to address the issues it had not previously addressed, along with any new issues raised by plaintiff on remand.  See ECF No. 8 (remand order).  Specifically, the court directed the AFBCMR to:

>  (a)    Explain whether the Secretary of the Air Force Personnel Council (SAFPC) erred by failing to apply the benefit of any unresolved doubt regarding [plaintiff's] fitness in favor of [plaintiff] under the rebuttable presumption that he desired to be found fit for duty, in violation of Department of Defense Instruction (DoDI) 1332.38 (effective at the time of the final SAFPC decision);
>
>  (b)    Explain whether the SAFPC violated DoDI 1332.38 by considering the potential precedential effect of its decision when determining whether [plaintiff] was fit for duty; [and]
>
>  (c)    Explain whether the SAFPC erred by failing to consider [plaintiff's] prior deployments and the availability of waivers for Air Force members with assignment limitation codes.

Id. at 2.  The court also ordered that the matter be stayed during the pendency of the remand.  Id.

Plaintiff then submitted a request to the AFBCMR to "consider evidence and arguments related to multiple allegations of material error or injustice by SAFPC and the AFBCMR associated with [plaintiff's] disability evaluation proceedings."  ECF No. 32 at 11.  During the remand proceedings, the AFBCMR also received an advisory opinion from an AFBCMR medical advisor, which plaintiff alleged contained "numerous factual and legal flaws."  Id. at 12.  The AFBCMR denied plaintiff relief in a decision dated April 29, 2019.  See ECF No. 15 (notice regarding remand decision).

Plaintiff filed an amended complaint in this court on May 31, 2019, alleging, among other things that the AFBCMR remand decision improperly relied on the United States Department of Defense (DOD) policy that became effective after plaintiff's evaluation proceedings. See ECF No. 18 at 48 (amended complaint). In response, on July 30, 2019, defendant once again filed an unopposed motion for a voluntary remand to the AFBCMR. See ECF No. 19. In its motion, defendant noted that it was "seeking a remand in the interests of justice" and did not "concede that the AFBCMR's overall decision to deny relief was erroneous." Id. at 2. It did, however, note that "it appears that, in reaching that decision, the AFBCMR inappropriately considered regulations and policy post-dating the Air Force's June 2014 final determination that [plaintiff] was unfit for duty." Id. Defendant further stated that "[t]here are also other issues in the record that could use further factual development," and that it wanted the board to "squarely address" plaintiff's "argument that the SAFPC improperly considered the potential precedential effect of its decision." Id. at 3-4.

The court granted defendant's motion and remanded this case to the AFBCMR on July 31, 2019, for 150 days, during which time the case remained stayed in the court. See ECF No. 20 (order). The court instructed the AFBCMR, at the parties' request, to, among other things:

> (c) Determine and explain whether, in determining the medical fitness of a member of the Air Force, it is appropriate to consider the potential precedential effect that the decision may have on medical fitness determinations of other members of the Air Force, specifically addressing Enclosure 3, Part 3 of the version of Department of Defense Instruction (DoDI) 1332.38 in effect on June 26, 2014 (the date of the final Secretary of the Air Force Personnel Council (SAFPC) decision with regard to [plaintiff]);
>
> . . . .
>
> (e) Determine and explain whether, under Air Force regulation and policy in effect on June 26, 2014 (including Air Force Instruction (AFI) 41-210), [plaintiff] was eligible for a waiver of his assignment limitation code and whether SAFPC considered any availability of such a waiver, as well as any deployments or temporary duty assignments by [plaintiff] outside the Continental United States; [and]
>
> . . . .
>
> (h) Re-determine and explain whether the Air Force's determination that [plaintiff] was unfit for duty was erroneous in light of the above

3

> determinations and without regard to any regulations or policies promulgated after June 26, 2014 (including DoDI 1332.18 and DoDI 1332.45)[.]

ECF No. 20 at 2-4.

During the second remand, the AFBCMR reviewed a new memorandum from an AFBCMR medical advisor, which concluded that the twenty percent disability rating originally assigned to plaintiff was incorrect, and that plaintiff should have been assigned a forty percent disability rating. See ECF No. 32 at 16. Plaintiff then responded to the medical advisor's conclusion in a letter to the AFBCMR and requested that, should the board deny plaintiff's application for restoration to active duty, it place plaintiff on the permanent disability retirement list with the forty percent disability rating retroactive to January 2015. See id. at 16-17. The AFBCMR decided on January 15, 2020, that "plaintiff's military records should be corrected to reflect that plaintiff was permanently retired by reason of physical disability on January 23, 2015, with a 40 percent disability rating." ECF No. 26 at 1 (defendant's notice regarding remand decision).

On February 4, 2020, plaintiff filed a motion to dismiss his case pursuant to RCFC 52.2(d). See ECF No. 29. The court granted his motion on February 6, 2020, see ECF No. 30, and judgment was entered on the same day, see ECF No. 31. Plaintiff then filed his motion for attorney's fees and expenses on April 8, 2020. See ECF No. 32. The motion is now fully briefed and ripe for decision.

II.     Legal Standards

As a general rule, plaintiffs may not recover attorneys' fees from the United States. See Ruckelshaus v. Sierra Club, 463 U.S. 680, 685 (1983). In this case, however, plaintiff is eligible to request attorneys' fees and costs pursuant to the EAJA, 28 U.S.C. § 2412, which creates an exception to the general rule, and provides, in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The statute also requires that a requesting party satisfy several criteria for eligibility: (1) be a "prevailing party"; (2) the government's position

must not have been substantially justified; (3) no "special circumstances make an award unjust"; (4) the fee application must have been submitted within thirty days of final judgment in the action; and (5) have a net worth as an individual of less than $2,000,000 at the time the action was filed. 28 U.S.C. § 2412(d)(1)(A), (d)(1)(B), (d)(2)(B); Comm'r, Immigration & Naturalization Serv. v. Jean, 496 U.S. 154, 158 (1990). The plaintiff bears the burden of establishing each requirement, except the defendant must establish that its position was substantially justified. See Davis v. Nicholson, 475 F.3d 1360, 1366 (Fed. Cir. 2007); Doty v. United States, 71 F.3d 384, 385 (Fed. Cir. 1995) ("When a party has prevailed in litigation against the government, the government bears the burden of establishing that its position was substantially justified.").

Because the EAJA thus renders defendant liable for attorneys' fees for which it would not otherwise be responsible, the statute operates as a partial waiver of sovereign immunity. See Ardestani v. Immigration & Naturalization Serv., 502 U.S. 129, 137 (1991). The statute must, therefore, "be strictly construed in favor of the United States." Id.

III.   Analysis

    A.   Prevailing Party

Plaintiff argues that he is a prevailing party because "each of the two remands of the case to the AFBCMR was predicated on error by the AFBCMR," and plaintiff succeeded in his case when the board ordered the correction of his military records. See ECF No. 32 at 19. The first remand, plaintiff contends, was based on the AFBCMR's failure to address arguments that plaintiff raised in his application, while the second was based on the AFBCMR's consideration of DOD policy implemented subsequent to plaintiff's disability determination at issue. See id. at 20, 23. Plaintiff further argues that he succeeded at the AFBCMR because the relief he obtained "substantially enhanced [his] military-related status." Id. at 24.

Defendant responds that plaintiff is not a prevailing party because the relief plaintiff sought—restoration to active duty—was not the relief he ultimately obtained; and the relief he obtained—disability retirement—was premised on the unfitness determination that plaintiff alleged was improper. See ECF No. 33 at 18. Defendant further argues that plaintiff cannot be a prevailing party because the remand orders were not "premised upon administrative error." Id. Defendant thus concludes that the decision to grant plaintiff disability retirement "was not the result of any findings of administrative error by this [c]ourt, and, thus, the relief granted by the AFBCMR is not marked by the judicial imprimatur necessary for [plaintiff] to be a prevailing party." Id.

To be a prevailing party against the government, there must be some relief on the merits such that there is a material alteration of the parties' legal relationship. See Former Emp. of Motorola Ceramic Prod. v. United States, 336 F.3d 1360, 1364 (2003). When a case is remanded to an agency and the court retains jurisdiction, the plaintiff is a prevailing party if it succeeds before the agency. See id. at 1366. However, if the court remanded the case "without a judicial finding of administrative error or a concession of such error by the agency," the plaintiff bears the burden of proving, based on the record, that the remand "had to have been predicated on administrative error even though the remand order does not say so." Davis v. Nicholson, 475 F.3d 1360, 1366 (Fed. Cir. 2007).

The court agrees with plaintiff that he is a prevailing party in this matter. Although the court did not explicitly find in its remands of this case that the AFBCMR had erred, and defendant did not concede as much, plaintiff has shown, based on the record, that at least one of the remands to the agency was predicated on agency error. According to defendant, the second remand was based on the AFBCMR's consideration of DOD policy implemented subsequent to plaintiff's determination at issue. See ECF No. 19 at 2 (acknowledging in its motion for remand that "the AFBCMR inappropriately considered regulations and policy post-dating the Air Force's June 2014 final determination"). That remand, given the entirety of the record, was indeed premised on agency error. See Davis, 475 F.3d at 1365 ("[T]he determination of agency error is not limited to the four corners of the Remand Order.").

Further, in its final determination, the AFBCMR recognized that plaintiff was entitled to a permanent disability retirement with a forty percent disability rating, rather than the discharge with a twenty percent disability rating he was initially assigned. See ECF No. 26-1 at 11-12. This change materially altered the parties' legal relationship. See Former Emp. of Motorola, 336 F.3d at 1364. Therefore, plaintiff is a prevailing party for purposes of the EAJA.

B.      Substantial Justification

Because the court has determined that plaintiff is a prevailing party for purposes of the EAJA, the burden now shifts to defendant to show that its position in the litigation was substantially justified. See Doty, 71 F.3d at 385. To establish that its position was substantially justified, defendant must demonstrate that its position had "a reasonable basis in law and fact." Norris v. SEC, 695 F.3d 1261, 1265 (Fed. Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988)). The court "look[s] to the entirety of the government's conduct and make[s] a judgment call" to determine whether defendant's position had a reasonable basis in law and fact. Chiu v. United States, 948 F.2d 711, 715 (Fed. Cir. 1991).

6

Defendant argues that its position was substantially justified because its "overall position" in the litigation—that the Air Force's determination that plaintiff's diabetes diagnosis made him unfit for duty was not "erroneous or unjust" and, therefore, plaintiff should not be restored to active duty as he requested—was upheld by the AFBCMR on remand.  ECF No. 33 at 27.  Defendant contends that "the AFBCMR's ultimate decision not to disturb the unfitness determination and [plaintiff's] subsequent dismissal of his suit demonstrate that [defendant's] overall position was substantially justified."  Id. at 30.

Plaintiff argues, however, that defendant's position was not substantially justified because it was based on agency error and the board continued "pressing a tenuous factual or legal position" through the first remand decision.  ECF No. 32 at 26-27.  Plaintiff maintains that defendant's position in the litigation "was that no error or injustice existed because there was 'no evidence that the applicant was improperly separated from active duty in 2015.'"  ECF No. 34 at 12 (citation omitted).  Plaintiff argues that this position failed to comply with the law, which defendant recognized when it requested remands to correct agency error rather than defend the AFBCMR's decision.  Id.  Plaintiff contends that the board ultimately "conceded [it] was wrong" when it granted plaintiff relief.  Id. at 13.

Given the factual circumstances of this case, the court cannot find that defendant's position was substantially justified.  Viewing the entirety of defendant's conduct, the court agrees with plaintiff that defendant's position was plagued by agency errors and therefore could not have a reasonable basis in law and fact.  See Chiu, 948 F.2d at 715.  Plaintiff has been forced to litigate defendant's position since the Air Force's determination in 2014, which the AFBCMR ultimately determined was faulty.  See ECF No. 34 at 13; ECF No. 26-1 (AFBCMR January 15, 2020 remand decision).  The difference between defendant's position that plaintiff should be discharged from active duty with a twenty percent disability rating and severance pay and the AFBCMR's final conclusion that plaintiff should be included on the permanent disability retirement list with a forty percent disability rating, is considerable.  That plaintiff continues to bear a disability rating does not render defendant's actions substantially justified in this case, as the degree of plaintiff's assessed disability nearly doubled once defendant's errors were addressed.  In addition to this change in the ultimate outcome, the process by which both the Air Force and the AFBCMR made their determinations about plaintiff's disability rating was flawed and involved clear errors.

Plaintiff has alleged that his net worth is within the limit set by the EAJA and defendant has not challenged plaintiff's assertion.  See ECF No. 32-1 at 4-5 (plaintiff's declaration); see generally ECF No. 33.  Plaintiff filed his EAJA application on April 8, 2020, within thirty days after the judgment in this case became final.  See ECF No. 31.  And, the court does not find that any "special circumstances make an award unjust."

Comm'r, INS, 496 U.S. at 158.  Therefore, plaintiff has satisfied the statutory conditions for award and is entitled to reimbursement of his attorney's fees and costs pursuant to the EAJA.

      C.      Reasonable Fees

When requesting fees pursuant to the EAJA, plaintiffs "bear[ ] the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).  In making a calculation of the reasonable amount of attorneys' fees, the court multiplies the number of hours reasonably expended in the litigation by a reasonable hourly rate.  Bywaters v. United States, 670 F.3d 1221, 1225-26 (Fed. Cir. 2012).  The court then adjusts the fee award to ensure it is reasonable in light of the results obtained by counsel.  See Hensley, 461 U.S. at 434.

Plaintiff seeks reimbursement of his attorney's fees and expenses for the time during the two remand periods, including his submissions to the AFBCMR during that time.  See ECF No. 32 at 34.  Plaintiff argues that, although the AFBCMR characterized the relief it granted plaintiff as "partial," the relief is "appropriately characterized as an excellent result commensurate with full attorney's fees."  Id. at 37.  Therefore, plaintiff contends, there is "no basis to reduce the amount of attorney's fees to be awarded."  Id.

Defendant responds that any award to plaintiff should be "limited to his attorney's work in requesting the disability retirement and facilitating the dismissal of this action," ECF No. 33 at 34, because plaintiff's relief was partial and no relief may awarded for "services on the unsuccessful claim."  ECF No. 33 at 32 (quoting Hensley, 670 U.S. at 434-35).  Defendant contends that plaintiff's success before the AFBCMR "require[d] the very finding of unfitness that [plaintiff] had been seeking to reverse," and that plaintiff's claim for restoration to active duty was distinct from his disability retirement claim.  Id. at 33, 35-36.  Thus, defendant argues, any fees and expenses awarded to plaintiff should be limited to those spent working on requesting a disability retirement.  See id. at 40.

Defendant confuses plaintiff's claim with his request for relief.  In his complaint before this court, plaintiff claimed that the AFBCMR had erred in various ways when evaluating plaintiff's disability proceeding before the Air Force.  See ECF No. 18 at 46-61.  Plaintiff's claim was grounded in the same facts pertaining to his Air Force evaluation and the AFBCMR's decisions regardless of the relief sought.  The court therefore views the case as a whole and evaluates "the significance of the overall relief obtained."  Hensley, 461 U.S. at 435 (holding that where plaintiff's claims "involve a common core of facts or will be based on related legal theories . . . . the [ ] court should focus on the significance of the overall relief obtained by the plaintiff in relation to the

hours reasonably expended on the litigation."). The court finds that the ultimate result of plaintiff's case—permanent disability retirement—was an "excellent" overall result, and plaintiff prevailed at each procedural stage of the litigation, securing two remands and an AFBCMR decision in his favor. Id. ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee . . . . In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit."). Therefore, plaintiff's counsel should "recover a fully compensatory fee." Id.

Plaintiff attached to his motion attorney billing records that show 245.25 hours worked, billed at an hourly rate of $204.20, when plaintiff filed his complaint, and increasing slowly over the course of the litigation to $209.67, when plaintiff filed this motion. See ECF No. 32-1 at 9-15 (attorney's billing records). Counsel's hourly rate was calculated using the formula articulated by this court previously. See ECF No. 32 at 33-34 (citing Greenhill v. United States, 96 Fed. Cl. 771, 784 (2011); Metropolitan Van & Storage, Inc. v. United States, 101 Fed. Cl. 173, 191-92 (2011)). Plaintiff requests a total of $50,425.87 in attorney's fees and $455.40 in expenses, which includes his filing fee in this court, copying costs, and postage costs. See ECF No. 32-1 at 9-15. Defendant has not challenged plaintiff's counsel's hourly rate. See ECF No. 33 at 32-40. Nor has defendant challenged the sufficiency of plaintiff's counsel's documentation of the time spent on this matter. See id.

Therefore, the court finds plaintiff's hourly fee calculation to be in line with the court's precedent, and the court finds that counsel's billing entries describe counsel's work with sufficient detail and clarity for the court's effective review. The court further finds that the fees and expenses requested are reasonable in light of the excellent results obtained by counsel. See Hensley, 461 U.S. at 434. Plaintiff is therefore entitled to the full amount of attorney's fees and expenses he requested.

IV.   Conclusion

Accordingly, plaintiff's motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act, ECF No. 32, is **GRANTED**. The clerk's office is directed to **ENTER** judgment for plaintiff in the amount of $50,425.87 in attorney's fees and $455.40 in expenses, for a total award of **$50,881.27**.

IT IS SO ORDERED.

                                                      s/Patricia E. Campbell-Smith
                                                      PATRICIA E. CAMPBELL-SMITH
                                                      Judge